STATE of Iowa, Appellee,

v.

Howard FARMER, Appellant.

No. 91–488.

Court of Appeals of Iowa.

Jan. 29, 1992.

Paul T. Shinkle of Gottschalk & Shinkle, Cedar Falls, for appellant.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Barbara J. Diment, Asst. County Atty., for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Howard Farmer was convicted of possession of cocaine in violation of Iowa Code section 204.401(3). The charge grew out of a search of his automobile that resulted from a report by a citizen that illegal activity was occurring in the 200 block of Webster Street in Waterloo. The report stated a person in a burgundy-colored Thunderbird was throwing beer bottles from the car onto a lawn. Two police officers who were patrolling the general area proceeded to the scene and stopped the burgundy Thunderbird. The stop was within a minute from the time the officers received the call and was within a few blocks of the place where the illegal activity had taken place. As a result of the stop, the police found cocaine in the automobile. Farmer was arrested and was charged with possession of cocaine.

Farmer filed a motion to suppress the evidence found as a result of the stop, claiming that his right against illegal searches and seizures under the fourth amendment to the United States Constitution had been violated. Following a hearing on that motion, the motion was overruled. At a trial conducted on stipulated facts, the defendant was found guilty. He has appealed the court's order overruling the motion to suppress the evidence found as a result of the automobile stop. Farmer claims the police officers did not have probable cause to stop the automobile, and therefore the evidence seized as a result of the stop should have been suppressed.

■ Although Farmer does not specifically refer to the constitutional provisions under which he claims his rights were violated, it is clear that he relies upon the rights guaranteed under the fourth and fourteenth Amendments. When constitutional rights are at issue, we determine the facts de novo. *State v. Lamp*, 322 N.W.2d 48, 50 (Iowa 1982).

■ While defendant refers to the belief that the officers did not have *probable cause* to stop the motor vehicle in question, the true test of the validity of a stop does not depend upon probable cause. As stated in *Lamp:*

> It is well settled that the fourth amendment requires *reasonable cause* to stop a vehicle for investigatory purposes. When a stop is challenged on the basis that reasonable cause did not exist, the State must show that the stopping officer had "specific and articulable cause to support a *reasonable belief* that criminal activity *may* have occurred." Circumstances giving rise to suspicion or curiosity will not suffice. The officer is bound by the true reason or reasons for making the stop; that is, the officer may not rely on reasons that he or she could have had but did not actually have. If the State fails to meet its burden, the evidence obtained as a result of the stop must be suppressed.

*Id*. at 51 (citations omitted; emphasis added).

We believe the officers in this case had reasonable cause to stop the defendant.

The officers were investigating a specific crime, albeit a minor one, on the basis of a citizen's complaint. It is reasonable to believe the citizen's complaint in this case was reliable because it alleged the defacing of a neighborhood in which the citizen would have an interest. Since two patrol cars had passed the area of the reported occurrence and had observed defendant's car at that location, they knew of the presence of the automobile at the location contained in the complaint and knew the defendant had been seen in the driver's seat of that car at that location. The officers were acquainted with the defendant from contacts they had had with him in the past involving official actions. The stop was within a block and one-half from the place of the reported incident and was within thirty seconds to a minute or two from the time of the report.

From our de novo review of the record in this case, we find the officers had reasonable cause to believe criminal activity had occurred and had reasonable cause to believe the defendant's vehicle was the automobile involved in the report of such activity. Accordingly, the officers had reasonable cause to stop the car. Defendant's claim of a violation of his fourth and fourteenth amendment rights is without merit.

Defendant also asks that an issue be preserved for postconviction relief. He claims he should be permitted to raise, by postconviction proceedings, the fact that his trial on the stipulated facts (as set out in the minutes of testimony) deprived him of a fair trial and was the same as a guilty plea (whereas he denied guilt of the offenses charged). Defendant filed a motion in arrest of judgment and, at the time set for its consideration, withdrew it and elected to proceed with sentencing; his intention was to rely upon an appeal of the issues raised in his motion to suppress. For purposes of this appeal, we hold he has waived any defect in the trial or the finding of guilt and the conviction based upon stipulated facts. There is no issue for our determination.

AFFIRMED.